| | |
|---|---|
| **18th Judicial District Court, Douglas County, State of Colorado**<br>Court Address:  4000 Justice Way, Suite 2009<br>  Castle Rock, CO  80109 | DATE FILED: May 7, 2015 9:44 AM<br>FILING ID: 223E59E950A66<br>CASE NUMBER: 2015CV30475 |
| **Plaintiff:**   Janie Munroe<br><br>v.<br><br>**Defendant:**   Safeco Insurance Company of America | |
| | ▲   COURT USE ONLY   ▲ |
| **Attorney's for Plaintiff:**<br>Attorney:   Ross Ziev, #43181<br>  Casey Kane, #47891<br>  Jessica Mauser, #47630<br>Address:   Speights and Worrich, LLC<br>  116 Inverness Drive East, Suite 270<br>  Englewood, CO  80112<br>Phone:   (303) 662-8082<br>FAX:   (303) 662-8083<br>E-Mail:   ross@speightsfirm.com<br>  casey@speightsfirm.com<br>  jmauser@speightsfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW PLAINTIFF, Janie Munroe, by and through her attorneys, Speights and Worrich, LLC, and Complains against the above named Defendant as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Janie Munroe, is a citizen and domicile of the State of Colorado residing at 8004 Lakeview Drive, Parker CO 80134.

2. Defendant, Safeco Insurance Company of America, is an out of state insurance company doing business in the state of Colorado with its principle street address as 62 Maple Avenue, Keene, NH 03820.

3. Defendant's registered agent is the Colorado Division of Insurance, 1560 Broadway, Denver, CO 80202.

4. At the time of the formation of the contract in question, Plaintiff lived in Douglas County, Colorado.

EXHIBIT A

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

6. Plaintiff is the owner of insurance Policy Number OY6971699 issued by Defendant (hereinafter referred to as the "Policy").

7. Plaintiff owned the insured property, which is specifically located at 8004 Lakeview Drive, Parker CO 80134 (hereinafter referred to as the "Property") on the date of the storm.

8. Defendant or its agent sold the Policy, insuring the Property, to Plaintiff.

9. On or about June 6, 2012, a wind and hailstorm struck the area surrounding the Property, causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

10. Plaintiff submitted a claim to Defendant against the Policy for roof and structure damage to the Property sustained from the wind and hailstorm. Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverage under the Policy.

11. Defendant assigned claim number 341597894034 to Plaintiff's claim.

12. Upon evaluating the claim, Defendant misrepresented the damages caused by the wind and hailstorm.

13. Defendant failed to properly adjust the claims.

14. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

15. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

16. Due to Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of both a public adjuster, and an appraiser.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
**(VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1))**

17. Plaintiff incorporates all previous allegations as if more fully set forth herein.

18. Defendant's delay and/or denial of Plaintiff's claim for homeowner's insurance benefits is and was unreasonable.

19. Pursuant to C.R.S. §10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees, costs and two times the covered benefit.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### (BAD FAITH BREACH OF INSURANCE CONTRACT)

20. Plaintiff incorporates all previous allegations as if more fully set forth herein.

21. As a provider of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

22. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to its own interests.

23. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff.

24. Defendant's aforesaid conduct was unreasonable and Defendant knew such conduct either was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

25. As a direct and proximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in the amount to be proved at trial.

## DAMAGES

26. Plaintiff incorporates by reference all preceding paragraphs as fully set forth herein.

27. As a direct and proximate result of Defendant's breach of contract and bad faith breach of the insurance contract, Plaintiff has incurred damages in the amount to be proved at the time of trial.

28. As a direct and proximate result of Defendant's violation of C.R.S. §10-3-1115 and C.R.S. §10-3-1116, Plaintiff seeks damages in the amount of two times the covered benefit, attorneys fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against Defendant in an amount to fairly compensate her for the damages as set forth above, court costs, expert witness fees, attorney's fees and other costs, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated this 7th day of May, 2015.

Respectfully Submitted,

*/s/ Ross Ziev*

Ross Ziev
In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.