IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01129-CMA-KLM

JANIE MUNROE,

       Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

       Defendant.

---

## [~~PROPOSED~~] SCHEDULING ORDER

---

Plaintiff Janie Munroe ("Plaintiff"), together with Defendant Safeco Insurance Company of America ("Defendant" or "Safeco"), by and through undersigned counsel, hereby submit this Proposed Scheduling Order, as follows:

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling/Planning Conference will be held on September 14, 2015 at 9:30 a.m. in Courtroom A-401 of the Alfred A. Arraj United States Courthouse, before the Honorable Judge Kristen Mix. It is anticipated that the following attorneys will appear to represent the parties:

| Appearing for Plaintiff<br>Janie Munroe: | Appearing for Defendant<br>Safeco Insurance Company of America: |
|---|---|
| Ross Ziev, Esq.<br>SPEIGHTS AND WORRICH, LLC<br>116 Inverness Drive East, Suite 270<br>Englewood, CO 80112<br>Tel:   303.662.8082<br>Fax:   303.662.8083<br>Email: ross@speightsfirm.com | Holly C. Ludwig, Esq.<br>LEWIS ROCA ROTHGERBER LLP<br>1200 17th Street, Suite 3000<br>Denver, CO 80202-5855<br>Tel:   303.623.9000<br>Fax:   303.623.9222<br>E-mail: hludwig@lrrlaw.com |

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in federal court pursuant to 28 U.S.C. § 1332(a)(1). The Plaintiff is a citizen of Colorado and the Defendant is incorporated under the laws of New Hampshire and maintains its principal place of business in Massachusetts. The amount in controversy exceeds $75,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

Plaintiff:

Plaintiff has made claims for bad faith breach of an insurance contract and violation of C.R.S. § 10-3-1115(1)(A) and C.R.S. § 10-3-1116(1). On June 6, 2012, Plaintiff suffered damage to her home from a wind and hail storm. After making an initial claim on her Safeco homeowner's insurance policy, Defendant came out on June 11, 2012 and identified minor hail damage to *part* of Plaintiff's roof and to the skylight, as well as some damage to Plaintiff's deck. Safeco estimated the damage was only $5,369.81. On July 11, 2012, Defendant had NCA Group complete an additional inspection of Plaintiff's Property. NCA Group's estimate totaled $7,037.68.

Plaintiff later decided to change home insurance carriers and was denied coverage based upon the existing condition of her roof. Plaintiff hired a public adjuster to assist her in her claim. Plaintiff and the public adjustor attempted to schedule a re-inspection of Plaintiff's property but were denied and told to seek appraisal. Plaintiff demanded appraisal on October 8, 2014. The parties' appraisers could not come to an agreement on the amount of loss and appointed an umpire. On December 20, 2014, the umpire and Plaintiff's appraiser signed the Appraisal Award in the amount of $44,474.45.

Defendant:

Plaintiff claims that Safeco unreasonably delayed or denied payment for a first-party property loss and engaged in bad faith breach of insurance contract. Safeco issued a homeowners insurance policy, no. OY6971699, effective March 16, 2012 through March 16, 2013 ("Policy"), to Janie Munroe, which covered her residential property located at 8004 Lakewood Drive, Parker, Colorado 80134, subject to the terms and conditions of the Policy. Plaintiff's residential property was allegedly damaged as a result of a hail and wind storm that occurred on or about June 6, 2012.

On June 8, 2012, Plaintiff notified Safeco of damage to her property allegedly caused by flash flooding, hail, and a tornado from the June 6, 2012 storm. On June 11, 2012, Safeco adjuster Richard Leggett inspected Plaintiff's property and wrote an estimate in the amount of $5,369.81 (RCV) to repair the covered storm damage to Plaintiff's property. Mr. Leggett's estimate included repairing the roof, replacing a skylight, pressure washing the exterior, staining the deck, and replacing some seat cushions. On the same day, June 8, 2012, Safeco issued payment of $2,679.81 to Plaintiff (the actual cash value of the estimate minus the $2,500 deductible).

On June 15, 2012, Plaintiff contacted Safeco and requested a re-inspection. Safeco retained Kent Strickland from NCA Group to perform a re-inspection of Plaintiff's property. On July 11, 2012, Mr. Strickland re-inspected the property and prepared an estimate in the amount of $7,037.68 to repair the alleged storm damage. Mr. Strickland's estimate included bids produced by Plaintiff from a painting contractor and a deck repair contractor.

On July 18, 2012, Safeco issued a supplemental payment based upon Mr. Strickland's revised estimate in the amount of $1,254.96. On October 17, 2012, Plaintiff submitted receipts

- 3 -
2005546299_1

for the work performed on her property and requested the release for recoverable depreciation and a supplemental payment for additional work performed on her deck. On October 26, 2012, Safeco issued a check in the amount of $819.88 ($344.55 for recoverable depreciation and $474.33 for the additional deck repair). Safeco closed its file as the claim was paid in full.

On August 12, 2014, Matt Behrens, a public adjuster with C3 Group retained by Plaintiff, sent a letter to Safeco demanding Safeco pay to replace the roof. Mr. Behrens also submitted an estimate in the amount of $87,506.14 to repair the alleged storm damage to Plaintiff's property. On September 4, 2014, a Safeco representative reviewed the file and Mr. Behrens' estimate and demanded appraisal because the property had already been inspected twice.

On September 23, 2014, Safeco appointed Karl Burgeson with Agape Shake Repair as its appraiser. On October 8, 2014, Plaintiff selected Jason Hahn with Hahn Consulting to serve as her appraiser. On October 28, 2014, the appraisers agreed to appoint Jay Tuomey as the umpire.

On December 20, 2014, the appraisal award of $44,781.20 entered. Ten days later, on December 30, 2014, Safeco issued the actual cash value payment of $28,742.43 based upon the appraisal award and prior payments. On March 19, 2015, Mr. Behrens provided a repair invoice and requested the release of recoverable depreciation, which Safeco issued in the amount of $8,934.21 on March 30, 2015. On May 8, 2015, Plaintiff filed suit against Safeco.

A dispute regarding the value and assessment of a claim for insurance benefits does not constitute a violation of C.R.S. § 10-3-1116 or bad faith. *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 496 (Colo. App. 2011) (holding that where the insured's claim for benefits is "fairly debatable," an insurer's decision to challenge the claim may be reasonable as a matter of law.). Safeco denies that it unreasonably delayed or denied Plaintiff's insurance claim pursuant to

C.R.S. §§ 10-3-1115/1116, denies that it acted in bad faith, and denies that it breached any contract with Plaintiffs.

Additionally, Safeco has asserted the following affirmative defenses: (1) Plaintiff's Complaint fails to state a claim upon which relief may be granted; (2) Plaintiff's claims may be barred, in whole or in part, due to the acts or omissions of third parties over whom Safeco maintains no control or right of control; (3) Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to mitigate her damages, if any; (4) Plaintiff's claims may be barred, in whole or in part, by one or more of the equitable doctrines including, but not limited to, waiver, estoppel, and unclean hands; (5) Plaintiff's claims may be barred by the terms and conditions of the Policy issued by Safeco to Plaintiff; (6) Plaintiff's claims may be barred, in whole or in part, by the statute of limitations. As discovery proceeds, it is anticipated that these defenses will be pared down because it appears that the essence of the parties' disagreement is whether Safeco handled Plaintiff's claim reasonably.

### 4. UNDISPUTED FACTS

1. Janie Munroe resides at 8004 Lakewood Drive, Parker, Colorado 80134.

2. Safeco is a New Hampshire insurance company, licensed, at all times pertinent hereto, to do business in Colorado, with a principal office located in Boston, Massachusetts.

*[handwritten: π will supplement as to dates + amts of pymnts by Sept. 30, 2015.]*

### 5. COMPUTATION OF DAMAGES

Plaintiff's Calculation:

1. Plaintiff claims statutory damages in the amount of $78,842.78 (Two times the covered benefit of $39,421.39) under C.R.S. 10-3-1116.

2. Plaintiff claims non-economic damages in the amount to be determined by a jury for Defendant's bad faith breach of the insurance contract.

- 5 -

3. Plaintiff claims punitive damages in the amount to be determined by a jury for Defendant's bad faith breach of the insurance contract.

4. Attorney's fees and costs.

5. Plaintiff claims interest as allowable by statute.

Defendant's Calculation:

Safeco disputes Plaintiff's claimed damages, including but not limited to, Plaintiff's request for "two times the covered benefit" under C.R.S. §§ 10-3-1115 and 10-3-1116.

Defendant seeks an award of its costs, expenses, interest, expert witness fees, and such other further relief as this Court deems just and proper. In addition, Defendant reserves the right to seek its attorney's fees and costs pursuant to C.R.S. § 10-3-1116(a).

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: June 24, 2015.

b. Names of each participant and party he/she represented: Plaintiff was represented by Ross Ziev, Esq. Defendant was represented by Holly Ludwig, Esq.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made: Plaintiff made her disclosures on June 10, 2015. Defendant will submit its disclosures on or before September 21, 2015.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

e. Statement concerning any agreements to conduct informal discovery: The parties discussed the possibility of conducting informal discovery, including the exchange of documents.

The parties will also make a good faith effort to look for opportunities to conduct joint interviews of potential witnesses and joint meetings with clients to discuss settlement as the parties proceed forward with discovery in this case.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties shall use a unified system of exhibits beginning with the number one in depositions.

The parties shall make all reasonable efforts to submit a set of stipulated joint exhibits using numerical and alphabetical designations for trial.

Any document marked confidential shall be marked such that text shall not be fully or partially obscured so as to render OCR and searches of text more difficult.

The parties agree to exchange discovery and exhibits electronically and to Bates-number the documents they produce.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic format:

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic format.

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

Defendant is open to discussing settlement at any time.

2005546299_1

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: 10 depositions per side, including expert witnesses, without leave of Court. *25 depo per side.*

b. Limitations which any party proposed on the length of depositions. 1 day up to seven hours *per witness.*

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: 25 requests for production per side and 25 requests for admission per side, excluding any requests for admission regarding the authentication of documents.

d. Other planning or discovery orders.

Defendant will submit a proposed protective order and will confer with Plaintiff's Counsel for agreement prior to seeking assistance from the Court.

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1A. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court. *Parties shall submit a proposed FRE 502(d) Order on or before Sept. 30, 2015.*

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: September 18, 2015

b. Discovery Cut-off: *and deadline to bring motions abt discovery:*

- 8 -

February 4, 2016

c. Dispositive Motion Deadline:

March 7, 2016

d. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any.

   (a) Plaintiff anticipates calling expert witnesses in the following areas: insurance claim handling/standard of care, roofing construction/repair/cost estimating, meteorology, and any expert necessary to rebut an expert endorsed by Defendant.

   (b) Defendant anticipates calling expert witnesses in the following areas: insurance claims handling, construction and construction repair costs, engineering, and any expert necessary to rebut an expert endorsed by Plaintiff.

2. Limitations which the parties propose on the use or number of expert witnesses.

   The parties propose that they be permitted to designate three retained expert witnesses per side, and no more than one retained expert witness per area of expertise without obtaining leave of Court.

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

   ~~Plaintiffs~~s: November 13, 2015
   ~~Defendant: December 28, 2015~~

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

   January 14, 2016

e. Identification of Persons to be Deposed:

Plaintiff:

| Deponent | Date | Length |
|---|---|---|
| Richard Leggett | TBD | 7 hours or one day |
| Kent Strickland | TBD | 7 hours or one day |

- 9 -

| Deponent | Date | Length |
|---|---|---|
| Safeco Insurance Company of America Representative | TBD | 7 hours or one day |
| Other fact witnesses revealed through discovery | TBD | TBD |

Defendant:

| Deponent | Date | Length |
|---|---|---|
| Plaintiff Janie Munroe | TBD | 7 hours or one day |
| Matt Behrens | TBD | 7 hours or one day |
| Neil Molloy, Bic Roofing, LLC | TBD | TBD |
| Peak to Peak Roofing and Exteriors | TBD | TBD |
| American Custom Decks & Remodeling LLC | TBD | TBD |
| Vivax Pro Painting | TBD | TBD |
| Other fact witnesses revealed through discovery | | |

f. Deadline for Interrogatories:

All written discovery must be served by ~~January 4, 2016.~~ December 15, 2015

g. Deadline for Requests for Production of Documents and/or Admissions

All written discovery must be served by ~~January 4, 2016.~~ December 15, 2015

Defendant will submit a proposed protective order and will confer with Plaintiffs' counsel for agreement prior to seeking assistance from the Court.

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_As needed._

b. A final pretrial conference will be held in this case on May 31, 2016 at

10:00 o'clock a.m. A Final Pretrial Order shall be prepared by the

- 10 -

2005546299_1

parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate that the trial of five (5) days will be necessary and that the trial will be to a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

None.

## 12. NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order shall be amended only upon a showing of good cause.

DATED at Denver, Colorado, this 14^T day of Sept., 2015.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED this 11th day of September, 2015.

| s/Ross Ziev | s/Holly C. Ludwig |
|---|---|
| Ross Ziev, Esq. | Brian J. Spano |
| SPEIGHTS AND WORRICH, LLC | Holly C. Ludwig |
| 116 Inverness Drive East, Suite 270 | LEWIS ROCA ROTHGERBER LLP |
| Englewood, CO 80112 | 1200 17th Street, Suite 3000 |
| Tel: 303.662.8082 | Denver, CO 80202-5855 |
| Fax: 303.662.8083 | Tel: 303.623.9000 |
| ross@speightsfirm.com | Fax: 303.623.9222 |
| *Attorney for Plaintiff* | bspano@lrrlaw.com |
| | hludwig@lrrlaw.com |
| | *Attorneys for Defendant* |
| | *Safeco Insurance Company of America* |

2005546299_1

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2015, I filed electronically the foregoing **[PROPOSED] SCHEDULING ORDER** with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing to be served upon the following:

Ross Ziev, Esq.
Jessica Mauser, Esq.
SPEIGHTS AND WORRICH, LLC
116 Inverness Drive East, Suite 270
Englewood, CO 80112
Tel:   303.662.8082
Fax:   303.662.8083
ross@speightsfirm.com
jmauser@speightsfirm.com
*Attorneys for Plaintiff*

*s/Holly C. Ludwig*<br>Holly C. Ludwig